UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GUERRERO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SFS BEAUTY CA LLC; DUTY FREE PARTNERS; KYMBERLI PARKER; ESTÉE LAUDER TRAVEL RETAIL SERVICES INC.; and DOES 2-20, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 25-cv-1133-JES-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO REMAND; and**<br><br>**(2) DENYING MOTION TO DISMISS AS MOOT**<br><br>**[ECF Nos. 5, 13]** |

    Pending before the Court are two motions filed by the parties: (1) Defendant Estée Lauder's motion to dismiss (ECF No. 5); and (2) Plaintiff's motion to remand (ECF No. 13). The parties filed respective responsive briefing on both matters. ECF Nos. 14-16, 18. On June 25, 2025, the Court held a motion hearing and took the matters under submission. ECF No. 21. After due consideration and for the reasons discussed below, the motion to remand is **GRANTED**. Because the Court finds that it lacks jurisdiction over the case, the Court **DENIES AS MOOT** Defendant's motion to dismiss.

//

//

//

# I. BACKGROUND

Plaintiff Alejandro Guerrero filed this original lawsuit in state court on March 2, 2021. ECF No. 1 ¶ 4. The current operative complaint is the Second Amended Complaint ("SAC"), which Plaintiff filed on March 7, 2025. *Id.*; ECF No. 1-2, Ex. A.

Plaintiff alleges that he worked for MAC Cosmetics for almost fifteen years. SAC ¶ 1. Around August 2018, Plaintiff was offered a position as a retail manager at a stand-alone MAC boutique at the San Diego International Airport, which Defendants' owned. *Id.* ¶ 16. During the course of his employment, he alleges that he was mocked and bullied by Defendant Kymberli Parker ("Parker") for his gender expression and his disability. *Id.* ¶¶ 16-30. Plaintiff alleges that he was reprimanded for speaking up against this behavior and was ultimately terminated from his employment. *Id.* ¶¶ 31-42. Based on this course of conduct, Plaintiff alleges causes of action for: (1) discrimination and harassment for gender expression under California Fair Employment and Housing Act, Government Code §§ 12940, et seq. ("FEHA"); (2) discrimination and harassment for disability under FEHA; (3) hostile work environment under FEHA; (4) violation of California Labor Code § 1102.5 for whistleblowing; (5) failure to prevent discrimination and harassment under FEHA; and (6) wrongful termination. *Id.* ¶¶ 49-92.

Defendant Estée Lauder Travel Retail Services Inc. ("Estée Lauder") was a new defendant added in the SAC. *Id.* ¶ 14. Plaintiff alleges that Estée Lauder "jointly" employed him along with the other Defendants and was involved in employment decisions involving him. *Id.* ¶¶ 43-48.

Defendant Estée Lauder removed the case to federal court on May 2, 2025. ECF No. 1. Estée Lauder claimed in the Notice of Removal that no Defendant, including itself, had been served with the SAC. ECF No. 1 ¶ 7; ECF No. 1-3 at ¶ 5. However, Estée Lauder also submits information to the Court that on April 24, 2025, Plaintiff's counsel had emailed Estée Lauder's counsel a copy to the SAC, along with other state court documents, including a Notice of Acknowledgement of Receipt packet. ECF No. 16-2 at ¶ 7; at 8-9. Estée Lauder states that its counsel signed and returned this Notice of Acknowledgement

on May 2, 2025, and its Notice of Removal was filed on the same day around 5:12 p.m. *Id.* ¶¶ 9-10. Also, since removal of this case, all other Defendants were served on May 5, 2025. ECF No. 13-2 ¶ 9. On May 19, 2025, all other Defendants filed a Notice of Joinder with the Court stating that they join in Estée Lauder's Notice of Removal. ECF No. 11. Further, on June 24, 2025, all other Defendants filed an answer to SAC. ECF No. 20.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). In a case originally brought in state court, a defendant may remove the action to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

"Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction." *Audo v. Ford Motor Co.*, No. 18cv320-L-KSC, 2018 WL 3323244, at *1 (S.D. Cal. July 6, 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Therefore, the "burden of establishing that removal is proper" always lies with the defendant. *Gaus*, 980 F.2d at 566. If there is any doubt as to the propriety of removal, the court shall reject federal subject matter jurisdiction. *Id.*; *see also Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court.").

Federal subject matter jurisdiction may arise based on federal question or diversity jurisdiction. 28 U.S.C. § 1331, 1332(a). In the notice of removal, Defendant Estée Lauder states that this court has federal subject matter jurisdiction over the matter based on diversity jurisdiction. ECF No. 1 ¶ 12. The statute requires complete diversity between plaintiffs and defendants. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir.

2009). Further, to satisfy § 1332, the matter in controversy must exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

### III.   DISCUSSION

Plaintiff argues that this case must be remanded back to state court for three reasons: (1) the forum-defendant rule bars removal of this action because Defendant Parker is a resident of California; (2) removal was premature because it was filed before the state court endorsed the SAC; and (3) this Court lacks subject matter jurisdiction based on Parker's residence in California, regardless of the forum-defendant rule. ECF No. 13. Because the Court finds that it lacks subject matter jurisdiction over the case as discussed below, the case will be remanded to state court.

Federal court jurisdiction based on diversity of citizenship requires complete diversity; this requires that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). It is undisputed that the citizenship of Plaintiff is California and it is undisputed that the citizenship of Defendant Parker is California. This fails the requirement to have complete diversity between *each* Plaintiff and *each* Defendant, and therefore, federal court jurisdiction simply must fail.

Rather than directly addressing this well-settled, cornerstone principal of diversity jurisdiction and the indisputable conclusion the Court must reach applying it in this case, Defendant Estée Lauder repeatedly discusses how its removal of this case was proper under a concept called "snap removal." *See generally* ECF No. 16. Snap removal is related to the federal removal statute, which governs how and when a case may be removed from state court to federal court. 28 U.S.C. § 1441. The statute generally provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, the statute provides an exception for where a case cannot be removed to federal court when removal relies on diversity for original

jurisdiction—"[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). In plain words, this exception as applied to this case means that if a defendant is a citizen of California, this case could not be removed to federal court since this Court sits in the state of California. This is known as the forum-defendant rule. Snap removal comes into consideration for this exception because the statute specifically uses the phrase "properly joined and served as defendants." Snap removal occurs where a party removes the case before a forum-defendant is "properly joined and served" in the case. Many district courts within this Circuit have held that, in this situation, § 1441(b)(2) does not bar this removal based on the plain text of the statute in spite of the unserved forum-defendant.[1] *See, e.g.*, *Campbell v. CubeSmart, L.P.*, No. 24-CV-02282-AJB-VET, 2025 WL 251429, at *3 (S.D. Cal. Jan. 21, 2025); *Fobb v. Uber Techs., Inc.*, No. 21-CV-07778-HSG, 2022 WL 620336, at *2 (N.D. Cal. Mar. 3, 2022) (collecting cases that "nearly unanimously" support snap removal).

As applied to this case, Estée Lauder's argument is that its snap removal of the case to this Court was proper because it removed the case before Defendant Parker (the "forum-defendant" in this case) was served with the SAC. Since Parker is the only defendant that is from California, the forum-defendant rule would not apply because she was not yet "properly joined and served" before Estée Lauder removed the case. However, even if Estée Lauder is correct that the case could properly be removed through snap jurisdiction because the forum-defendant has not yet been served, it fails to explain how this permits it to evade its duty to establish federal subject matter jurisdiction in the first place.

---

[1] The Ninth Circuit has not yet definitely weighed in on the validity of snap removals. *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 965 (9th Cir. 2024) ("[T]he final chapter on snap removals in the Ninth Circuit remains to be written[.]").

     Indeed, numerous cases within our circuit have held that snap jurisdiction cannot be used to evade diversity jurisdiction. Whether a defendant has been served or not is not considered in evaluating whether complete diversity exists. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Greenway Nutrients, Inc. v. Pierce*, No. CV2203322MWFAFMX, 2022 WL 17486359, at *2 (C.D. Cal. Dec. 6, 2022) ("[T]he Court must consider the citizenship of all Defendants in evaluating diversity jurisdiction, regardless of any service issues."). Rather, snap removal is a *procedural* rule that applies to whether removal is "procedurally proper" and *not* whether federal court jurisdiction exists. *Menchaca v. Howmet Aerospace, Inc.*, No. 223CV00098JLSMRW, 2023 WL 2504995, at *3 (C.D. Cal. Mar. 14, 2023) ("The permissibility of snap removal can only help Howmet establish that its removal was procedurally proper—not whether federal jurisdiction actually exists."); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006) ("We join eight of the nine circuits that have decided this issue and hold that the forum defendant rule is procedural."); Unsurprisingly and following logically, "no case holds that defendants can use snap removal as an end-run around the diversity jurisdiction statute's requirement of complete diversity." *Menchaca*, 2023 WL 2504995, at *3; *See Trotta v. URS Fed. Servs., Inc.*, 532 F. Supp. 3d 985, 989-90 (D. Haw. 2021) ("Here, [defendants] attempt to create diversity jurisdiction through the snap removal process by removing the case to federal court before the in-state defendants have been served. This they cannot do.").

     Here, Defendant Parker serves two roles as a California resident. First, she is a forum-defendant for the purposes of the removal statute. Thus, § 1441(b)(2) would normally bar removal of this case to a district court in California but snap removal would permit it if it was done before she was served. Second, she is a non-diverse defendant who destroys complete diversity. The Ninth Circuit has long held that whether or not a defendant has been served has nothing to do with the complete diversity analysis. And

crucially, snap removal has nothing to do with the complete diversity analysis either. Estée Lauder conflates these two issues, and its reliance solely on snap removal to establish diversity jurisdiction is untenable.

Accordingly, the Court finds that this case must be remanded back to state court for lack of subject matter jurisdiction, regardless of whether snap removal was appropriate or not.[2]

### IV. SANCTIONS

In Plaintiff's motion for remand, he also makes a request for attorney fees. ECF No. 13 at 13-14. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether to award fees "turns on the reasonableness of the removal" and should be awarded where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Plaintiff argues that Estée Lauder's removal here was objectively unreasonable. Plaintiff argues that the Ninth Circuit held over forty years ago that whether a defendant has been served is not considered in determining complete diversity. ECF No. 13 at 13 (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969)). Further, district courts in this circuit have granted fees in the same remand scenarios. *See Ross v. United Airlines, Inc.*, No. 2:22-CV-01532-SB-GJS, 2022 WL 1302680, at *3 (C.D. Cal. Apr. 30, 2022) (granting fees in factually similar scenario after holding that defendant "not only misapplies the forum-defendant rule but also flies in the face of Ninth Circuit law").

The Court finds that fees are appropriate here as well. As noted above, despite Plaintiff squarely raising the issue of diversity jurisdiction in his motion as separate from the forum-defendant rule, Defendant Estée Lauder never meaningfully addresses this in its opposition to the motion for remand. Furthermore, the procedural posture of this case when

---

[2] Having so found, the Court declines to address the alternative reasons Plaintiff raises for why this case should be remanded.

Estée Lauder removed it makes its removal basis even more dubious. Defendant Parker, the individual that destroys diversity jurisdiction, had been a proper defendant in the case since its inception in state court in 2021. Estée Lauder never argues that Parker was an improperly or fraudulently joined defendant, rather resting its argument on a hyper technical argument that she was not "served" because she had not yet been served with the SAC, despite her being an active and continuous litigant in the state court case for years prior. The Court does not find it objectively reasonable for Estée Lauder to believe that this technicality could overcome the well-established tenet of the complete diversity requirement for federal court jurisdiction.

Having found that fees are appropriate, courts will determine the proper amount of fees using the lodestar method. *W.H. Breshears, Inc. v. Del. N. Companies Parks & Resorts at Yosemite, Inc.*, No. 1:16-CV-1129 AWI SAB, 2016 WL 7010501, at *5 (E.D. Cal. Nov. 30, 2016). The lodestar method requires a court to multiply the number of hours the prevailing party spent on the motion multiplied by the reasonably hourly rate of counsel. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). The party requesting fees has the initial burden to "'produce satisfactory evidence' establishing the reasonableness of the requested fee." *United States v. $28,000.00 in United States Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015).

Plaintiff submits a declaration from his counsel that she spent 20.4 total hours on various tasks related to this motion to remand. ECF No. 22 ¶ 10. Counsel claims a rate of $538 per hour. *Id.* ¶ 4.

### A. Reasonable Hourly Rate

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). The Court may take into account factors including: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of

representation; and (4) the results obtained." *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1170 (N.D. Cal. 2015).

In support of counsel's requested hourly rate, counsel submits the *Laffey* Matrix, which is a United States Department of Justice billing matrix that provides billing rates for attorneys of various experience levels in the Washington, D.C. area. Using that matrix for her experience level, and adjusted for San Diego, counsel states that the rate based on that matrix is $581 per hour. ECF No. 22 at 5-6. Estée Lauder argues in opposition that the *Laffey* Matrix should not be relied upon and that counsel has failed to provide any other evidence to support the rate, including information regarding litigation skill and experience or complexity of the work required. ECF No. 23 at 13-14.

The Court agrees that counsel has not submitted much evidence to support her rate request. However, in such a circumstance, the Court may rely on its own knowledge regarding "customary rates and their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (upholding district court's discretion in using its own knowledge and expertise to set an hourly rate).

First, with regards to the *Laffey* matrix, this court has previously considered this source but does not rely on it as the sole factor to determine reasonable billing rates. *Ramirez v. Escondido Unified Sch. Dist.*, No. 11CV1823 DMS (BGS), 2014 WL 12675859, at *3 (S.D. Cal. Apr. 17, 2014). The Court independently takes judicial notice of the 2024 Real Rate Report for fee rates in San Diego. *See id.* (taking judicial notice of same report); *3D Sys., Inc. v. Wynne*, No. 21-CV-1141-AGS-DDL, 2025 WL 51443, at *3 (S.D. Cal. Jan. 7, 2025) (similarly not relying on *Laffey* matrix and instead using the Real Rate Report). According to the Real Rate Report for San Diego, the median rate for associates is $295. Real Rate Report at 32. For associates in San Diego with 7 or more years of experience, the mediate rate is $425. *Id.* at 63. The average rate for associates in the area of Employment and Labor in San Diego is $395. *Id.* at 121.

Based on this data, the Court finds a slight downward departure appropriate from the requested rate of $538 per hour to $425 per hour. This rate is further supported by rates

that have been approved in this district in recent years. *See, e.g.*, *Blood v. Mercedez-Benz, USA, LLC*, No. 23-CV-1463-WQH-AHG, 2024 WL 4875265, at *5 (S.D. Cal. Nov. 22, 2024) (approving rate of $395 for an associate with 7 years of experience); *Wentworth v. Ford Motor Co.*, No. 22-CV-01964-W-BGS, 2023 WL 11795672, at *3 (S.D. Cal. Apr. 17, 2023) (approving rate of $325 for an associate with 7 years of experience); *Buchannon v. Associated Credited Serv., Inc.*, No 20-cv-2245-BEN-LL, 2021 WL 5360971, at *15-16 (S.D. Cal. No. 17, 2021) (approving rate of $375 for associate with 6 years experience); *Kries v. City of San Diego*, No. 17-CV-1464-GPC-BGS, 2021 WL 120830, at *7 (S.D. Cal. Jan. 13, 2021) (approving rate of $400 for a labor and employment associate with 6 years of experience).

### B.      Reasonable Hours

With respect to reasonable hours, the moving party "should provide documentary evidence to the court concerning the number of hours spent," and hours that are "excessive, redundant, or otherwise unnecessary" should be excluded. *McCown*, 565 F.3d at 1102. "Plaintiff's counsel . . . is not required to record in great detail how each minute of his time was expended," even "minimal" descriptions that establish that the time was spent on matters on which the district court may award fees is sufficient. *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) (citation omitted); *see also Trustees of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000) (counsel may "identify the general subject matter of his time expenditures"). "Where the documentation is inadequate, the district is free to reduce an applicant's fee award accordingly." *Id.*

Counsel for Plaintiff submits a declaration that stated she worked for a total of 20.4 hours for the motion to remand. ECF No. 22 at 5-6. She submitted a table of entries, broken down by date, a short description, and time per entry. *Id.* Defendant objects to the hours requested, arguing that the entries are not detailed enough. *Id.* at 15-19.

The Court has reviewed Plaintiff's entries and disagrees with Defendant. There is only one motion at issue here, so the Court finds that the entries provide sufficient detail regarding what the requested hours were billed for. In addition, the Court finds that the

hours requested in the entries are reasonable for the scope of the work entailed for the motion to remand.

Accordingly, using the lodestar method, 20.4 hours at a rate of $425 per hour yields a total amount of $8,670 in attorney's fees.

## V. CONCLUSION

After due consideration and for the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand and remands this case back to state court. The Court **GRANTS** Plaintiff's request for attorney fees in the amount of $8,670. The Court **DENIES AS MOOT** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: August 26, 2025

Honorable James E. Simmons Jr.
United States District Judge